UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

FILED
4:29 pm, 6/8/26
Margaret Botkins
Clerk of Court

**BRIAN PURNELL,** *individually and on behalf of all others similarly situated,*

Plaintiff,

**vs.**

**SUMMIT NATIONAL BANK,**

Defendant.

**Case No. 2:24-cv-00190-KHR**

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

This matter comes before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 45) and Plaintiff's Motion and Application for Attorneys' Fees, Expenses, and Service Awards to Class Representatives (ECF No. 40) (collectively, the "Motions"). The Court has reviewed the Motions, including any opposition, and the Class Action Settlement Agreement and Release ("Settlement Agreement," ECF No. 36-1) entered into by Plaintiff and Summit National Bank ("Defendant" or "Summit"), and it finds that the Motions should be **GRANTED.** Therefore, it is **ORDERED**:

1. The Court, for the purposes of this Final Judgment, adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein.

2. The Court finds that the Settlement Agreement is fair, reasonable, and adequate, as expressed further herein. The Court also finds the Settlement Agreement was entered into in good faith, at arm's length, and without collusion. The Court approves and directs consummation of the Settlement Agreement.

3. The Court approves the Release provided in Section IX of the Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties.

4. The Court has and reserves jurisdiction over the Settlement and this Settlement Agreement, and for purposes of the Settlement and Settlement Agreement, the Court has and reserves jurisdiction over the Parties to the Settlement.

5. The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

6. The Court dismisses with prejudice all claims of the Class against Summit in the Litigation, without costs and fees except as explicitly provided for in the Settlement Agreement.

7. The Court grants Plaintiff's Motion and Application for Attorneys' Fees, Expenses, and Service Awards to Class Representatives (ECF No. 40). The Court awards Class Counsel $133,333.33 in attorneys' fees and reimbursement of expenses of $1,664.45 to be paid according to the terms of the Settlement Agreement. This amount of fees and reimbursement is fair and reasonable. The Court awards the Class Representative Brian Purnell $4,000.00 to be paid according to the terms of the Settlement Agreement. The award is justified based on his service to the Class.

8. On October 20, 2025, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (ECF No. 37) ("Preliminary Approval Order") that preliminarily approved the Settlement Agreement and established a hearing date to consider the final approval of the Settlement Agreement, Class Counsel's request for Service Awards to the Class Representatives, and motion for attorneys' fees and expenses.

9. The Court's Preliminary Approval Order approved the Short Form Settlement Notice, Long Form Notice, Claim Form, and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice. The roughly 6.2% claims rate supports a finding that the Notice Program was sufficient.

10. The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement, and that the Notice to Class Members complied with Fed. R. Civ. P. 23 and due process.

11. The Court finds Summit has complied with the requirements of 28 U.S.C. § 1715 regarding the CAFA Notice.

12. The Court grants final approval to its appointment of Brian Purnell as Class Representative. The Court finds that the Class Representative is similarly situated to absent Class Members, is typical of the Class, and is an adequate Class Representatives, and that Class Counsel and the Class Representatives have fairly and adequately represented the Class.

13. The Court grants final approval to its appointment of Class Counsel as provided in the Preliminary Approval Order (Doc. 46), appointing Terence R. Coates and Jonathan T. Deters of Markovits, Stock & DeMarco, LLC, and Gary M. Klinger of Milberg, PLLC, as Class Counsel.

14. The Court certifies the following Class for settlement purposes under Fed. R. Civ. P. 23(a) and 23(b)(3), subject to the Class exclusions set forth in the Settlement Agreement:

> **All individuals residing in the United States who were sent a notice by Summit informing them of the Data Incident Summit discovered in May 2024.**[1]

---

[1] "Data Incident" means the cybersecurity incident against Summit giving rise to the Action.

15. The Court finds that the Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes in that: (a) the Class of 10,725 is so numerous that joinder of all Class Members would be impracticable; (b) there are issues of law and fact that are common to the Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and seek similar relief as the claims of the Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Class, as the Class Representatives have no interests antagonistic to or in conflict with the Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Class; (e) questions of law or fact common to Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this controversy.

16. Having considered the negotiation of, the terms of, and all of the materials submitted concerning the Settlement Agreement; having considered Plaintiff's and the Class's likelihood of success both of maintaining this action as a class action and of prevailing on the claims at trial, including the possibility that Summit could prevail on one or more of its defenses; having considered the range of the Plaintiff's possible recovery (and that of the Class) and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

a. Plaintiff and Class Counsel have adequately represented the proposed Class;

b. the terms of the Settlement Agreement were negotiated at arm's length, vigorously advocated by experienced counsel for Plaintiff and Summit;

c. the outcome of the Litigation was in doubt when the Settlement was reached making the compromise under this Settlement reasonable under the circumstances;

d. it is possible the proposed Class could receive more if the Litigation were to go to trial, but it is also possible that the proposed Class could receive less (including the possibility of receiving nothing) and/or that Summit could defeat class certification;

e. the value of immediate recovery outweighs the possibility of future relief that would likely occur, if at all, only after further protracted litigation and appeals;

f. the Parties have in good faith determined the Settlement Agreement is in their respective best interests, including both Plaintiff and Class Counsel determining that it is in the best interest of the Class Members;

g. the aggregate consideration for the Class—including both the Settlement Fund, which Summit shall fund, and remedial measures Summit is or has implemented—is commensurate with the claims asserted and being released as part of the Settlement; and,

h. the terms of the Settlement Agreement treat the Class Members equitably relative to each other and fall within the range of settlement terms that would be considered a fair, reasonable, and adequate resolution of the Litigation.

Therefore, pursuant to Rule 23(e), the terms of the Settlement Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Class and each of the Class Members. Class Members who did not opt-out of the Settlement are bound by this Final Approval Order. The Settlement Agreement and its terms shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings as to Released Claims and waivers applicable thereto.

17. The Court approves the distribution and allocation of the Settlement Fund under the Settlement Agreement. To the extent that any funds remain after the allocation of the

Settlement Fund pursuant to the terms of the Settlement Agreement, Settlement benefit distributions will be increased or decreased *pro rata*, with attorneys' fees and expenses, Settlement Administration fees and expenses, and Class Representative Service Awards deducted first.

18. This Final Approval Order, and all statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Summit of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Summit or of the validity or certifiability for this Litigation or other litigation of any claims or class that have been, or could have been, asserted in the Litigation.

19. This Final Approval Order, and all statements, documents or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing by Summit, or that Plaintiff, any Class Member, or any other person has suffered any damage due to the Incident. Notwithstanding the above, the Settlement Agreement and this Final Approval Order may be filed in any action by Summit, Class Counsel, or Class Members seeking to enforce the Settlement Agreement or the Final Approval Order.

20. The Settlement Agreement and Final Approval Order shall not be construed or admissible as an admission by Summit that Plaintiff's claims or any similar claims are suitable for class treatment.

**IT IS SO ORDERED.**

Date: June 8th, 2026

Hon. Kelly H. Rankin
United States District Court Judge